IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS O'NEIL,   No. C 06-03914 SI

    Plaintiff,   **ORDER RE: DISCOVERY**

  v.

HENKEL ADHESIVE, et al.,

    Defendants.
_____/

Defendant has filed a letter brief seeking an order compelling complete responses to "Defendant's Request for Production of Documents to Plaintiff, Set Three," and "Defendant's Interrogatories to Plaintiff, Set Three." Defendant also requests attorneys' fees incurred in pursuing this matter. For the following reasons, the Court GRANTS IN PART defendant's requests.

**DISCUSSION**

**I.   Request for Production of Documents, Set Three, Numbers 18 and 19**

Defendant argues that plaintiff's responses to defendant's request for production of documents, Set Three, Numbers 18 and 19, are inadequate.

"Any party may serve on any other party a request . . . to produce and permit the party making the request . . . to inspect . . . any designated documents . . . which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).

Defendant's "Request for Production, No. 18" requested "all documents which reflect the earnings from all the employers Plaintiff worked for since his termination from Defendant on December

15, 2003." Plaintiff's amended response states that "Plaintiff does not have any documents in his possession, custody or control." Unless defendant has reason to believe that this is untrue, plaintiff's amended response is sufficient. *See* Fed. R. Civ. P. 34(a). However, it also appears that plaintiff has recently requested replacement W-2s from past employers. The Court reminds plaintiff of his obligation to amend discovery responses if he acquires relevant information from the W-2s. *See* Fed. R. Civ. P. 26(e)(2).

Defendant's "Request for Production, No. 19" sought "all documents reflecting or relating to Plaintiff's efforts to seek employment (such as letters, emails, employment applications, etc.) since his termination from Defendant on December 15, 2003." Plaintiff's amended response states that "Plaintiff does not have any documents in his possession, custody or control." Plaintiff's response appears to be adequate. *See* Fed. R. Civ. P. 34(a).

## II.     Interrogatories, Set Three, Numbers 4, 9, 11, 13, 17 and 18

Defendant asserts that plaintiff's responses to interrogatories, Set Three, Numbers 4, 9, 11, 13, 17 and 18, are incomplete and lack verification. Plaintiff argues that his initial responses to Numbers 13 and 17 are complete, and that his amended responses to Numbers 4, 9, 11 and 18 are complete.

Federal Rule of Civil Procedure 33(b)(1) provides: "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

### A.     Interrogatory Number 4

Interrogatory Number 4 requests that plaintiff "identify" all employers that plaintiff contacted for work since plaintiff's termination from defendant in December 2003. Plaintiff's amended response lists the names of three staffing agencies that plaintiff contacted for employment: 1) "Randstadt Temporary Services in Berkeley and San Francisco," 2) "Staffing Solutions in Berkeley," and 3) "Manpower on Hegenberger Road in Oakland." However, plaintiff does not list the addresses and telephone numbers of the employers as specified in defendant's definition of "identify." Plaintiff is likely to have access to the requested information and has proffered no explanation as to why he cannot

2

provide it. Therefore, the Court ORDERS plaintiff to supply the addresses and telephone numbers of all three staffing agencies to defendant by June 22, 2007.

### B.     Interrogatory Number 9

Interrogatory Number 9 asks whether any employer identified in Interrogatory Number 4 offered plaintiff a job and if so, the type of work offered, the wage and starting date of employment. Defendant contends that plaintiff's response is incomplete because it does not include the specific start dates of employment offered through Randstadt Employment Agency or Staffing Solutions, or the type of work, wage, or start date offered through Manpower. Plaintiff's amended response states that plaintiff accepted all employment opportunities offered to him, and lists approximate dates of employment through Randstadt Employment Agency and Staffing Solutions. Furthermore, the letter from plaintiff's counsel to defendant's counsel dated May 17, 2007 indicates that plaintiff's counsel plans to acquire more information regarding plaintiff's possible employment offers from Manpower. Plaintiff must make a good faith effort to determine the exact dates of employment as requested. The Court ORDERS plaintiff to supply information regarding exact employment dates as well as the requested information regarding employment offers through Manpower to defendant by June 22, 2007. If plaintiff is unable to do so, he must explain why the requested information is unavailable.

### C.     Interrogatory Number 11

Interrogatory Number 11 requests that plaintiff identify the employer for each job offer that plaintiff accepted, the beginning and end dates of employment, the wages earned, any benefits provided, and plaintiff's supervisor's name. Plaintiff's amended response states total wages earned at jobs found through Randstadt Employment Agency and Staffing Solutions, as well as plaintiff's limited recollections of his supervisors' names. However, the amended response does not include any information regarding benefits provided at each job and is therefore incomplete. The Court ORDERS plaintiff to provide information to defendant regarding benefits by June 22, 2007.

**D.    Interrogatory Number 13**

Interrogatory Number 13 asks if plaintiff was unable to work during any period of time between December 2003 and the present. Defendant contends that plaintiff's response is incomplete because it states only that "Plaintiff re-injured his fissure [o]n or about January of 2006; since that time, he has not been able to work." Defendant argues that plaintiff must state if there were other periods between December 2003 and the present during which plaintiff was unable to work. The Court agrees. The Court ORDERS that plaintiff clarify for defendant, by June 22, 2007, whether there were any other periods since December 2003 during which plaintiff was unable to work, and if so, why.

**E.    Interrogatory Number 17**

Interrogatory Number 17 requests that plaintiff describe "the geographic areas in which Plaintiff has been willing to accept work," and "[i]f these areas have changed over time, indicate what the changed areas are and the dates of each change." Defendant contends that plaintiff's response is insufficient because it does not indicate a specific geographic area in which plaintiff was willing to accept work, but rather states that the "geographic parameters of Plaintiff's search efforts are delineated by the availability and accessibility of public transportation." Plaintiff argues in response that he did not have a specific geographic area in mind and that it would, therefore, be inaccurate to say more than that the availability of public transportation dictated his employment search. If plaintiff did not, in fact, have any specific geographic locations in mind, then plaintiff's response is sufficient. The public transportation system in the Bay Area is a complicated maze. Describing the geographic areas easily accessed through that maze would be impossible to do with any more specificity than plaintiff has attempted. Furthermore, interrogatory Number 17 is overly vague, and asks plaintiff to respond to an incomplete hypothetical. The Court concludes that plaintiff's response to interrogatory Number 17 is sufficient.

**F.    Interrogatory Number 18**

Interrogatory Number 18 asks what the lowest wage for which plaintiff would have worked since December 2003 is, and if that amount has changed at any time. Defendant argues that plaintiff's

4

response is incomplete because it states only that plaintiff "accepted any work assignments that were available that fit within the limitations of his restrictions that he could not perform any heavy lifting," but states nothing about the lowest wage for which plaintiff would have worked. However, plaintiff's amended response adds that plaintiff accepted any jobs offered through the staffing agencies and was willing to accept minimum wage, but not below minimum wage. The Court finds that plaintiff's amended response adequately addresses interrogatory Number 18.

### III. Attorneys' Fees

Defendant also requests that the Court order plaintiff's counsel to pay defendant's reasonable attorneys' fees incurred in resolving this discovery matter. Plaintiff's responses were incomplete in part, but it appears that plaintiff has made a good faith effort to comply with defendant's requests. The Court, therefore, finds that sanctions are inappropriate. *See* Fed. R. Civ. P. 37(a)(4)(A).

### CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART defendant's request to compel discovery. Plaintiff must serve his amended responses by June 22, 2007. The Court DENIES defendant's request for reasonable attorneys' fees. [Docket No. 33]

**IT IS SO ORDERED.**

Dated: June 7, 2007

SUSAN ILLSTON
United States District Judge